IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY DONACHY and BRUCE KINLEY, on behalf of themselves and others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, RETIREMENT PLAN FOR BARGAINING UNIT EMPLOYEES OF MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, | ) ) ) ) ) ) ) ) |
| | ) Civil Action No. 04-245E ) Judge Sean J. McLaughlin |
| | ) ) JURY TRIAL DEMANDED |
| Defendants | ) |

**JOINT MOTION TO AMEND CASE MANAGEMENT ORDER**

AND NOW COME THE PARTIES, by and through their attorneys, Jason Mettley, Esquire, for the Plaintiffs, and Richard A. Lanzillo, Esquire, for the Defendants, and hereby jointly move this Honorable Court to Amend the Case Management Order, and say as follows:

1. On April 13, 2005, a telephonic Status Conference was held by the Court in this matter. Richard A. Lanzillo, Esquire, attended representing the Defendants, and Robert A. Eberle, attended representing the Plaintiffs.

2. Following the Status Conference, and docket entry was noted in the Clerk's file containing the discovery deadline, a deadline for pretrial narrative statements, and a deadline for summary judgment motions to be filed. Specifically, the docket entry established a 120 day discovery period, and then required pretrial statements and motions for summary judgment to be filed after corresponding periods of twenty (20) days had passed.

3.     On April 16, 2005, this Honorable Court issued a Preliminary Scheduling Order that, among other things, set a timetable for the parties' Federal Rules of Civil Procedure number 26 submissions and scheduled a Case Management Conference for July 5, 2005.

4.     A Case Management Conference was held on July 5, 2005 in this matter. Richard A. Lanzillo, Esquire, attended representing the Defendants, and Robert A. Eberle, attended representing the Plaintiffs.

5.     During the Case Management Conference, the parties' representatives and the Court discussed the procedural timetable for this case, and based on the recollections of the parties' representatives, modified what was previously established by the April 14, 2005 docket entry. Most notably, the parties believe that the Court instructed the parties not to submit pretrial narratives, inasmuch as the parties believed that this case would be disposed of following the submission of cross-motions for summary judgment.

6.     Subsequent to the July 5th Case Management Conference, however, a docket entry was entered in the Clerk's file stating that the dates set forth during the previous Status Conference (of April 13) were to "remain in effect". No other order issued.

7.     Subsequently, the parties became confused about the deadlines for filing motions for summary judgment because that deadline was computed based on the filing of pretrial statements, and requirement the parties believed that the Court had relieved them of.

8.     The Court's staff subsequently contacted the parties' representatives regarding the progress of the case and it became apparent that the summary judgment deadlines had expired.

9.     As of the date of this motion, Plaintiffs are awaiting discovery responses from the Defendants.

10.     A slight extension of the discovery deadline, and reestablishing the deadlines for the filing of summary judgment, will further the interests of judicial economy without causing undue prejudice on the parties. This case, at its essence, is a dispute over employee benefits governed by ERISA that will require the Court to interpret the relevant plan documents. Although some discovery remains outstanding, the parties do not anticipate a great deal of extrinsic evidence relevant to interpreting the plan document, and to the extent extrinsic evidence does exist, it can be submitted by affidavits or stipulation in connection with summary judgment.

11.     The most likely alternative to the relief requested by the parties herein would be for the Court to schedule a bench trial for the admission of the plan documents and extrinsic evidence, if any, and then to have the parties submit post trial memoranda arguing their respective cases. This alternative, the parties respectfully submit, will consume more of the Court's time than the process sought herein and will not likely lead to a faster resolution of the case.

12.     Counsel for the defendants has reviewed the instant Joint Motion and has authorized counsel for the plaintiffs to file this Joint Motion on behalf of all parties.

WHEREFORE, the parties jointly request that the Court enter an Amended Case Management Order substantially in the form that is attached hereto.

                                        Respectfully submitted,

                                        JUBELIRER, PASS & INTRIERI, P.C.

DATE: September 22, 2005        By:    /s/ Robert A. Eberle
                                        Robert A. Eberle
                                        Jason Mettley
                                        219 Fort Pitt Boulevard
                                        Pittsburgh, PA 15222-1576
                                        (412) 281-3850
                                        Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY DONACHY and BRUCE KINLEY, on behalf of themselves and others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | |
| MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, RETIREMENT PLAN FOR BARGAINING UNIT EMPLOYEES OF MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, ) ) ) ) ) ) ) ) | Civil Action No. 04-245E  Judge Sean J. McLaughlin |
| ) | JURY TRIAL DEMANDED |
| Defendants ) | |

## AMENDED CASE MANAGEMENT ORDER

**AND NOW**, this _____ day of _____, 2005, the parties, having filed a joint motion to amend the case management order, and the Court having given the matter due consideration, **IT IS ORDERED**, that the motion be, and the same hereby is, **GRANTED**, and that the case management order shall be amended as follows:

A. All outstanding discovery shall be concluded on or before October 30, 2005.

B. The parties shall file cross-motions for summary judgment on or before November 21, 2005.

C. The parties shall file any opposition to a motion for summary judgment on or before December 20, 2005.

There shall be no further amendments to the case management order or extensions without good cause shown.

       **IT IS SO ORDERED**

                                          Judge Sean J. McLaughlin

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September 2005, a true and correct copy of the Joint Motion to Amend Case Management Order, was served on counsel for the Defendants identified as follows and in the manner indicated:

*Via e-mail:*

> Richard A. Lanzillo, Esquire
> Knox, McLaughlin, Gornall & Sennett
> 120 W. Tenth Street
> Erie, PA   16501-1461
> rlanzillo@kmgslaw.com

s/Robert A. Eberle