IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY DONACHY and BRUCE KINLEY, on behalf of themselves and others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 1:04-CV-245<br>) |
| MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, RETIREMENT PLAN FOR BARGAINING UNIT EMPLOYEES OF MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, | )<br>) Judge Sean J. McLaughlin<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**AFFIDAVIT OF LARRY DONACHY/BRUCE KINLEY
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1. I, Larry Donachy/Bruce Kinley, am a plaintiff in the above captioned action.

2. I worked for defendant, Motion Control Industries, Division of Carlisle Corporation (hereinafter "Motion Control"), at its manufacturing facility located at 1 Gillis Avenue, Ridgway, Elk County, Pennsylvania, 15853 (hereinafter the "Ridgway Facility").

3. I was actively employed by Motion Control at the Ridgway Facility from April 10, 1975 until January 11, 2002 as a laborer.

4. Me and the other rank-and-file production and maintenance employees of Motion Control were and are represented by IUE/CWA Local 502, AFL-CIO (hereinafter "Local 502"), an employee organization, in collective bargaining.

5. I am a participant in the Retirement Plan for Bargaining Unit Employees of Motion Control Industries, Division of Carlisle Corporation (the "Retirement Plan").

6. My last day of production work at Motion Control was January 11, 2002, when Motion Control closed the Ridgway Facility.

7. At the time of the plant closing on January 11, 2002, I was employed by Motion Control as a regular, full time employee, with a regular schedule of forty (40) hours per week.

8. During my entire tenure of employment with Motion Control, I was employed as a regular, full time employee, working a regular schedule of forty (40) hours per week.

9. I received WARN Act [29 USC 2101 et seq.] pay and benefits from January 12, through March 16, 2002.

10. The WARN Act pay I received was computed based on sixty (60) days of work at eight hours a day, so that I was compensated by Motion Control for a total of four hundred and eighty (480) hours of work from January 12, 2002 through March 16, 2002 that I did not actually work.

11. Motion Control also maintained my health insurance benefits from January 12, 2002 through March 16, 2002, as though I was actively employed.

12. In October [or November] of 2002, Motion Control paid me $431.76, representing twenty four hours of vacation pay that I had accrued under the collective bargaining agreement between Motion Control and Local 502 from the period of April 10, 2000 through April 10. 2001.

13. This vacation pay was calculated based on the hourly wage rate that became effective July 1, 2001 for my job classification as set forth in the applicable collective bargaining

agreement between Motion Control and Local 502.

14. Later, in the fall of 2003, Motion Control paid me $4353.60, representing 240 hours of vacation pay that I had accrued under the collective bargaining agreement between Motion Control and Local 502 from the period of April 10, 2001 through March 16, 2002.

15. This second vacation pay was calculated based on the hourly wage rate that became effective July 1, 2002 for my job classification as set forth in the applicable collective bargaining agreement between Motion Control and Local 502.

16. I maintained recall rights under the collective bargaining agreement between Motion Control and Local 502 from the date the plant closed until the expiration of the collective bargaining agreement on June 27, 2003.

17. Motion Control and the Retirement Plan have refused to recognize my right to receive a pension benefit at the multiplier of $31 per month per year of credited service.

Respectfully submitted,

Jubelirer, Pass & Intrieri, P.C.

BY: _____/s/ Jason Mettley_____

Robert A. Eberle, Pa. I.D. #47359
Jason Mettley, Pa. I.D. #81966
219 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 281-3850
(412) 281-1985 (fax)
rae@jpilaw.com
jm@jpilaw.com
Attorneys for Plaintiffs

x Bruce A. King

SWORN & SUBSCRIBED
BEFORE ME THIS
___12th___ DAY OF
___NOV___ 20 05

Grace E. Eisenman

Notarial Seal
Grace E. Eisenman, Notary Public
Ridgway Boro, Elk County
My Commission Expires Mar. 17, 2006
Member, Pennsylvania Association of Notaries