IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY DONACHY and BRUCE KINLEY, on behalf of themselves and others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:04-CV-245 |
| MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, RETIREMENT PLAN FOR BARGAINING UNIT EMPLOYEES OF MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, | )<br>)<br>) Judge Sean J. McLaughlin<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**CONCISE STATEMENT OF MATERIAL FACTS
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Larry Donachy and Bruce Kinley, on behalf of themselves and others similarly situated, file the following Concise Statement of Material Facts in Support of Plaintiffs' Motion for Summary Judgment, pursuant to W.D.PA.LR 56.1:

1. Defendant, Motion Control Industries, Division of Carlisle Corporation (hereinafter "Motion Control"), operated a manufacturing facility located at 1 Gillis Avenue, Ridgway, Elk County, Pennsylvania, 15853 (hereinafter the "Ridgway Facility"). Complaint ¶ 3; Answer ¶3.

2. Plaintiffs, Larry Donachy and Bruce Kinley, were actively employed by Motion Control at the Ridgway Facility until January 11, 2002. Affidavit of Larry Donachy ("Donachy Affidavit"), ¶ 3; Affidavit of Bruce Kinley ("Kinley Affidavit"), ¶ 3.

3. IUE/CWA Local 502, AFL-CIO (hereinafter "Local 502"), an employee organization, represented Donachy, Kinley, and Motion Control's other rank-and-file production and maintenance employees in collective bargaining. Complaint ¶ 11; Answer ¶ 11.

4. Donachy and Kinley are participants in the Retirement Plan for Bargaining Unit Employees of Motion Control Industries, Division of Carlisle Corporation (the "Retirement Plan"). Paragraphs 5 of Donachy and Kinley Affidavits.

5. The Retirement Plan is maintained pursuant to a written document (the "Plan Documents"), consisting of a Plan Document, amended and restated effective January 1, 1997, and a Part II Supplement, amended and restated July 20, 2002, true and correct copies are corresponding attached hereto as Exhibits A and B. Complaint ¶ 4; Answer ¶ 4.

6. Local 502 and Motion Control negotiated a series of collective bargaining agreements covering the bargaining unit at the Ridgway Facility. The most recent collective bargaining agreement was effective by its terms from July 20, 2000 through June 27, 2003 (hereinafter the "2000 Agreement"). Complaint ¶ 12; Answer ¶ 12.

7. The 2000 Agreement contained the following provision regarding pension benefits:

> Section 1: Effective July 1, 1997 the Pension Plan will be as follows:
>
> *   *   *
>
> (b) Employees retiring between the ratification and the expiration of the Agreement shall be entitled to pension benefits and increases during the term of this Agreement as follows:
>
> | Amount per month | Per Year Service |
> | --- | --- |
> | Effective upon ratification | $29.00 |
> | July 1, 2001 | $30.00 |
> | July 1, 2002 | $31.00 |

8. This provision of the 2000 Agreement was effectively incorporated into the Plan.

9. During the term of the 2000 Agreement, Motion Control ceased production at its Ridgway Facility and permanently laid off all of the employees represented by Local 502, including Donachy and Kinley. Complaint ¶ 15; Answer ¶ 15.

10. The last day of production work was January 11, 2002, and the employees received WARN Act [29 USC 2101 et seq.] pay and benefits through March 16, 2002. Complaint ¶ 15; Answer ¶ 15.

11. There were approximately 127 employees affected by the plant closing. Complaint ¶ 15; Answer ¶ 15.

12. Donachy and Kinley were both actively employed by Motion Control as regular, full time employees, working forty (40) hours per week, at the time the plant closed. Paragraphs 7, Donachy and Kinley Affidavits.

13. Donachy and Kinley each received 480 hours of compensation of WARN Act pay from January 12, 2002 through March 16, 2002 for hours not actually worked. Paragraphs 10, Donachy and Kinley Affidavits.

14. Motion Control maintained health insurance benefits for Donachy and Kinley from January 12, 2002 through March 16, 2002, as though they were actually employed. Paragraphs 11, Donachy and Kinley Affidavits.

15. In October or November of 2002, Motion Control paid Donachy for 108 hours of vacation pay he had accrued under the 2000 Agreement for the period of September 12, 2000 through September 12, 2001. This vacation pay was computed based on the wage rate specified in the 2000 Agreement as effective July 1, 2001. Donachy Affidavit ¶¶12, 13.

16. In October or November of 2002, Motion Control paid Kinley for 24 hours of vacation pay he had accrued under the 2000 Agreement for the period of April 10, 2000 through April 10, 2001. This vacation pay was computed based on the wage rate specified in the 2000 Agreement as effective July 1, 2001. Kinley Affidavit ¶¶12, 13.

17. In the fall of 2003, Motion Control paid Donachy for 136 hours of vacation pay he had accrued under the 2000 Agreement for the period of September 12, 2001 through March 16, 2002. This vacation pay was computed based on the wage rate specified in the 2000 Agreement as effective July 1, 2002. Donachy Affidavit ¶¶14, 15.

18. In the fall of 2003, Motion Control paid Kinley for 240 hours of vacation pay he had accrued under the 2000 Agreement for the period of April 10, 2001 through March 16, 2002. This vacation pay was computed based on the wage rate specified in the 2000 Agreement as effective July 1, 2002. Kinley Affidavit ¶¶14, 15.

19. Both Donachy and Kinley retained recall rights under the collective bargaining agreement between Motion Control and Local 502 from the date the plant closed until the expiration of the collective bargaining agreement on June 27, 2003. Paragraphs 16, Donachy and Kinley Affidavits.

20. After the plant closing, Local 502 filed a grievance regarding Motion Control's application of the pension multiplier. Complaint ¶ 16; Answer ¶ 16.

21. Motion Control and Local 502 negotiated a settlement of that grievance that in part provided:

> 2. The Company agrees that any employee who retires or who has retired by applying for benefits under the pension plan between July 20, 2000 and June 27, 2003, will receive, effective July 1, 2002, a multiplier of $31.00 per year of service.

Complaint ¶16; Answer ¶ 16.

22.     Donachy and Kinley subsequently inquired of Motion Control whether employees who applied for retirement following the expiration of the 2000 Agreement would receive the final multiplier of $31.00. Complaint ¶ 18; Answer ¶ 18.

23.     Motion Control responded that employees who retired after the expiration of the 2000 Agreement were not covered by the grievance settlement agreement and denied Donachy and Kinley the $31.00 per month pension multiplier. Complaint, ¶¶ 18-21; Answer, ¶¶ 18-21.

24.     Neither Motion Control nor the Retirement Plan ever offered any further explanation regarding pension benefits prior to the initiation of this action. Complaint ¶ 21; Answer ¶ 21.

                Respectfully submitted,

                JUBELIRER, PASS & INTRIERI, P.C.

                BY:     /s/ Jason Mettley
                Robert A. Eberle, Pa. I.D. #47359
                Jason Mettley, Pa. I.D. #81966
                219 Fort Pitt Boulevard
                Pittsburgh, PA 15222
                (412) 281-3850
                (412) 281-1985 (fax)
                rae@jpilaw.com
                jm@jpilaw.com
                Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November 2005, a true and correct copy of the Concise Statement of Material Facts in Support of Plaintiffs' Motion for Summary Judgment, was served on counsel for the Defendants identified as follows and in the manner indicated:

*Via electronic service through CM/ECF:*

> Richard A. Lanzillo, Esquire
> Knox, McLaughlin, Gornall & Sennett
> 120 W. Tenth Street
> Erie, PA   16501-1461
> rlanzillo@kmgslaw.com

s/Jason Mettley