IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY DONACHY and BRUCE KINLEY, on behalf of themselves and others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 1:04-CV-245 |
| MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, RETIREMENT PLAN FOR BARGAINING UNIT EMPLOYEES OF MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, | )<br>) Judge Sean J. McLaughlin<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Larry Donachy and Bruce Kinley, on behalf of themselves and others similarly situated, file the following Response to Concise Statement of Material Facts in Support of Defendants' Motion for Summary Judgment, pursuant to W.D.PA.LR 56.1:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Plaintiffs admit the provisions of the Plan are as represented by Defendants, but deny the legal conclusions set forth by Defendants' because the provisions of the Plan speak for themselves.

10. Admitted.

11. Plaintiffs admit that they are not currently eligible for a normal retirement benefit.

12. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

17. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

18. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

19. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

20. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

21. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

22. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

23. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

24. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

25. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

26. Admitted.

27. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

28. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

29. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

30. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

31. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

32. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

33. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

34. Denied. The averments of this paragraph of Defendant's Concise Statement set forth legal conclusions, which require no response. The provisions of the Plan speak for themselves.

Respectfully submitted,

JUBELIRER, PASS & INTRIERI, P.C.

BY: _____/s/ Jason Mettley_____
   Robert A. Eberle, Pa. I.D. #47359
   Jason Mettley, Pa. I.D. #81966
   219 Fort Pitt Boulevard
   Pittsburgh, PA 15222
   (412) 281-3850
   (412) 281-1985 (fax)
   rae@jpilaw.com
   jm@jpilaw.com
   Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December 2005, a true and correct copy of the Plaintiffs' Response to Concise Statement of Material Facts in Support of Defendants' Motion for Summary Judgment, was served on counsel for the Defendants identified as follows and in the manner indicated:

*Via electronic service through CM/ECF:*

   Richard A. Lanzillo, Esquire
   Knox, McLaughlin, Gornall & Sennett
   120 W. Tenth Street
   Erie, PA   16501-1461
   rlanzillo@kmgslaw.com

                              s/Jason Mettley